No. 22,849.

THE KANSAS MILLING COMPANY, *Appellee*, v. JOHN A. EDWARDS, *Appellant*.

OPINION ON REHEARING.

SYLLABUS BY THE COURT.

CONTRACT—*Sale of Wheat—New Trial on Single Issue.* The former order is modified by providing for a new trial upon a single issue.

Appeal from Sedgwick district court, division No. 1; RICHARD E. BIRD, judge. Opinion modifying former order filed May 17, 1921. (For original opinion see 108 Kan. 616.)

*J. Graham Campbell, Ray Campbell,* both of Wichita, and *H. J. Hodgson,* of Eureka, for the appellant.

*S. B. Amidon, S. A. Buckland, H. W. Hart,* and *Glenn Porter,* all of Wichita, for the appellee.

The opinion of the court was delivered by

MASON, J.: The principal controversy in this case was whether the defendant had been released from the performance of a contract to sell the plaintiff 5,000 bushels of wheat at 64 cents. This issue was decided against the defendant and a judgment was rendered accordingly which was affirmed by this court on appeal. The amount allowed the plaintiff on this account was $1,415 and interest, from which was deducted in the trial court $331.89 and interest because of a balance due upon another contract. This court on the appeal directed a further deduction of $146.58 on a similar claim. *(Milling Co. v. Edwards,* 108 Kan. 616.) On a motion for a rehearing the defendant urged that by the plaintiff's own admission he was entitled to a further offset because of shipments he had made upon other contracts in excess of the amount he was required to deliver, the market price being in excess of that agreed upon. A rehearing was granted upon this question, which is now to be determined.

The defendant asserts that where on a sale of wheat the seller delivers more than the round number of bushels specified by his contract the custom is for the excess to be either settled for at the market price, or applied upon any other open contract between the parties; that upon contracts with the plaintiff other than the one for 5,000 bushels at 64 cents the defendant had made net overshipments of at least 1,150 bushels; and that the plaintiff before bringing his action had acknowledged that fact and applied the surplus upon the contract sued upon. The defendant's answer, however, made no reference to a claim of that character. It did allege that upon another contract he had shipped 646 bushels more than was required of him, but this was for the purpose of showing that he had not been paid for the full amount shipped. It also included a general denial which he now suggests was sufficient to put in issue the quantity of wheat that remained due under the contract sued on. The defendant's contention that his

liability upon the 64-cent contract should be reduced by his surplus or overage on the others was first distinctly brought to the attention of the trial court by a request to submit that issue to the jury. The refusal of such an instruction would seem to be justified upon the ground that the issue had not been presented by the pleadings. However, the evidence had developed these facts: On July 25, 1914, the defendant, in a letter to the plaintiff, suggested that he might be helped out on the 64-cent contract by his shipment on another contract having overrun a small amount; and on December 3, 1914, the plaintiff wrote to him in these words, those of especial importance in this connection being here italicized:

"As per our letter and statement of recent date, you will see that all returns are in on cars shipped to export and we have the figures complete, which show a balance in money, account of overdrafts, to the amount of four hundred sixty odd dollars, and the amount of wheat remaining due on the old contract [the one sued upon], *after the overages from the other contracts are figured in, is around 3,850 bushels,* as these statements will show you. Also please let us know just as near as you can when you will ship the *remaining amount* of wheat, as we wish to know just what to expect from you."

While this letter is not conclusive of the merit of the defendant's claim in this respect, it tends so strongly in that direction, in the absence of anything to explain away its apparent force, that to deny him a hearing before the jury upon the matter after it had been developed by the evidence, because of his failure to plead it, might be to apply the general rule with too great rigor. It may doubtless be assumed that the refusal to submit the issue was not based expressly upon the state of the pleadings, or an amendment would have been offered. We conclude that the probability of the final result being in accordance with substantial justice will be promoted by providing for a trial of the overage issue.

The order heretofore made will therefore be modified by this addition: A new trial is allowed upon the sole issue whether the defendant is entitled to a credit, not to exceed 1,150 bushels, upon the amount of wheat he contracted to furnish at 64 cents, by reason of a net surplus shipped on other contracts, the final judgment to be made to conform to the result of such trial.